[Docket No. 6]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PATRICIA VILLALBA,

        Plaintiff,

   v.

WARDEN DAVID ORTIZ, et al.,

        Defendants.

Civil No. 20-481 (RMB/KMW)

**MEMORANDUM OPINION & ORDER**

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court on the Motion for Summary Judgment brought by Plaintiff Patricia Villalba ("Plaintiff"). [Docket No. 6.] For the reasons expressed below, the Court will deny Plaintiff's Motion.

Plaintiff alleges that when she visited her fiancé at FCI Fort Dix on December 14, 2019, she "suffered verbal assault, character assassination, humiliation, and cruel and unusual punishment by the FCI Fort Dix Staff." [Docket No. 1-1, ¶ 1.] Briefly, she alleges that, while in the visiting room with her fiancé Ivan Callado, Plaintiff was accused by prison staff, in front of Callado's parents and other prison staff and visitors, of "touching [Callado's] private parts." [See id., ¶ 6.] The visit was allegedly cut short. Staff allegedly told Plaintiff that she was caught on camera touching Callado inappropriately. She alleges

that, because her visit was cut short, because she was verbally assaulted by prison staff, because she did not have an opportunity to dispute the allegations made against her, because prison staff publicly accused her of inappropriate conduct in front of other visitors, and because she was not given a warning before the visit was cut short, her "5th, 6th, 8th, and 14th Amendment rights to the United States of America constitution have been violated." [Docket No. 1; see Docket No. 1-1.]

Plaintiff filed this lawsuit on January 14, 2020. [Docket No. 1.] She paid a filing fee on February 20, 2020. This Court issued a Notice of Call for Dismissal pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(m) on June 15, 2020. [Docket No. 4.] Plaintiff responded by filing "proof of deliver of the complaint" and a "Petition for Entry of Default and Summary Judgment" on June 29, 2020. [Docket Nos. 5-6.] On September 30, 2020, the Clerk of the Court advised that it would not enter default due to lack of proper service. [See Docket.] This Court will deny Plaintiff's Motion for Summary Judgment for the same reason.

Plaintiff has not served any Defendants in this case. Her purported proof of service merely shows that she attempted to get Defendants to waive service in the case. [See Docket No. 5.] However, there is no indication that any Defendant did, in fact, waive service. In fact, the letters Plaintiff sent to Defendants explicitly stated that "[i]f [Defendants] do not return the waiver

. . . [Plaintiff] will arrange to have the summons and complaint formally served on [them]." [Id.] Defendants did not return a signed waiver and Plaintiff did not effectuate service by any other means. Plaintiff also includes a letter from the Federal Bureau of Prisons acknowledging that it received an administrative claim from Plaintiff. However, the receipt of an administrative claim is not effective service with respect to this matter.

Therefore, because Plaintiff has not served any of the Defendants in accordance with FEDERAL RULE OF CIVIL PROCEDURE 4,

**IT IS**, this **8th** day of **April** 2021, hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 6] be **DENIED**; and it is further

**ORDERED** that if Plaintiff does not effectuate service on Defendants within **thirty (30) days** of the date of this Order, the Court will dismiss Plaintiff's Complaint.

RENÉE MARIE BUMB
United States District Judge